(49 Misc. Rep. 114)

DURKIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. December 27, 1905.)

1. CONTRACTS—DEFINITENESS.
   A paper addressed to plaintiff, requesting him to deliver 60 days' use of horse, cart, and driver at $3.50 per day, "as directed," was insufficient to constitute a contract, where no directions were given prior to the issuance of the order, nor at any time before its revocation by the signer.
   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 16.]

2. SAME.
   A paper requesting plaintiff to deliver 60 days' use of horse, cart, and driver, without specifying when the 60-day period should commence or that it should run consecutively, was insufficient to constitute a contract.
   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 18.]

3. SAME—MUTUALITY OF OBLIGATION.
   A paper requesting plaintiff to deliver 60 days' use of horse, cart, and driver at $3.50 per day, was not a contract, since it imposed no obligation on the plaintiff, but was entirely unilateral.
   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 24.]

4. MUNICIPAL CORPORATIONS—CONTRACTS—REVOCATION OF OFFER.
   Where a deputy commissioner of docks of a city addressed to plaintiff a request to deliver 60 days' use of horse, cart, and driver, a letter from the secretary of the department of docks and ferries requesting the return of the order, sent before any work had been performed or tendered, was a complete revocation of the order.
   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 57.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Martin J. Durkin against the city of New York. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

William H. Wadhams, for appellant.

John J. Delany (T. F. Noonan and J. A. Stover, of counsel), for respondent.

SCOTT, P. J. The plaintiff sues as assignor of Harry Martin, whose claim arises as follows: On December 17, 1903, the deputy commissioner of docks signed and delivered to Martin a paper, partly written and partly printed, in the following form (the written portions being italicized):

"Department of Docks and Ferries, Pier A, North River.
"New York, December 17, 1903.
"To *Harry Martin*: Please deliver *as directed 60 days' use of horse, cart, and driver at the price agreed upon, viz., $3.50 per day.* I hereby certify to the comptroller of the city of New York the necessity of the work or supplies named in the within department order, and that the expenditure therefor has been duly authorized.
"Order No. 22,106.
"Jackson Wallace, Deputy Commissioner of Docks."

On January 6, 1904, before Martin had offered to do any work under the foregoing order, the secretary of the department signed and caused to be served on Martin a paper in the following form:

"January 6, 1904.
"Henry Martin, Esq., 177 Seventh Avenue, City—Sir: You will please return at once to this office order No. 22,106 for 60 days' use of horse, cart, and driver.
"Yours respectfully,            Charles J. Collins, Secretary."

On January 8, 1904, and for several days thereafter, Martin presented himself with his cart and horse and offered to go to work, but was not permitted to do so, and on October 5, 1904, assigned to plaintiff a claim against defendant for 60 days' use of horse, cart, and driver at $3.50 per day, and to all claims against defendant for breach of said contract. The plaintiff's claim is that the document signed by the deputy commissioner of docks on December 17, 1903, constituted a valid, binding contract between Martin and the city, whereby Martin was entitled to be employed for the term of 60 days at the agreed rate per day. A careful examination of the document does not bear out this contention. In the first place, the request of Martin is to deliver the use of the horse, cart, and driver "as directed," clearly implying that before his employment became effective there was to be some direction to go to work; for there is nothing to show or indicate that there had been any direction given before the signing of the order or contemporaneously therewith. Furthermore, no specified period of 60 days is indicated, nor is there anything to show that Martin is expected to work for 60 days consecutively. Clearly Martin did not understand that the 60 days covered by the order began to run at once; for, while the order was dated on December 17th, he did not present himself for employment under it until January 8th, three weeks after the order was signed. And, finally, if the paper can be seriously regarded as a contract at all, it is unilateral and devoid of consideration. If it may be assumed that the city by the terms of the order agreed to employ Martin, he agreed to nothing. If during the period of 60 days after the signing of the order the city had required Martin's services, and meanwhile the price of horses, carts, and drivers had risen, and Martin had refused to work for less than $4.50 per day, and no one could be found to work for less, it is quite evident he was not so bound to work for $3.50 a day that the city could recover damages from him

by reason of his refusal. The document lacked nearly every essential element of a contract, and was at the most merely a permit or proposal to Martin to work, and an agreement that, if he was directed to work and did work, he should be compensated at the rate of $3.50 per day. Being of this character, it was subject to recall by the city at any time, and most certainly before Martin had performed or tendered performance or work under it, and the letter of the secretary delivered on January 6th was an effective and complete revocation.

Judgment must be affirmed, with costs. All concur.